UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| RICHARD L. BURRIS, ) | CIVIL ACTION NO: 04-1897-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER ADOPTING REPORT AND |
| NORTHERN TOOL AND EQUIPMENT ) | RECOMMENDATION AND GRANTING |
| CO., INC., MATT KLAREN and ) | MOTION FOR SUMMARY JUDGMENT |
| JIMMY WELCH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff's objections to the Report and Recommendation entered December 1, 2005 ("Report"), which recommended that Defendants' motion for summary judgment be granted in full. *See* Dkt No. 48 (Report) & Dkt No. 49 (Objections). For the reasons set forth below, the court adopts the rationale and recommendation of the Report and directs that judgment be entered in Defendants' favor.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection,

a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## FACTS

Plaintiff makes no specific challenge to the factual statement set forth in the Report. That statement is, therefore, adopted by this court and incorporated herein by reference.[1]

## CONCESSION

Plaintiff concedes that there is "no credible evidence . . . in the record to justify Defendant Matt Klaren remaining in this action as a Defendant." Dkt No. 49 at 3. Defendant Klaren is, therefore, dismissed from this action with prejudice, based on Plaintiffs' consent.

## OBJECTIONS

Plaintiff raises two objections to the Report. The first relates to the Report's conclusion that Plaintiff cannot proceed against Defendant Jimmy Welch, a supervisory employee, because this individual was not specifically named in Plaintiff's administrative charge. Plaintiff argues that the failure to name Welch in the administrative charge is not fatal because the specific allegations were "detailed enough . . . to put Defendant Welch and the EEOC on notice that [Welch] was being accused of unlawful acts." Dkt No. 49 at 3. He does not, however, suggest that Welch was, in fact, named.

Plaintiff also challenges the Report's conclusion that Plaintiff did not suffer a tangible adverse employment action. As to this issue, Plaintiff first argues that "he was subject to tangible

---

[1] Even were one or more of Plaintiffs' arguments construed as an objection to a factual statement contained in the Report, the objection would be insufficient. This is because Plaintiff has failed to include a single reference to the record from which the court might discern the accuracy of Plaintiff's characterizations of the facts.

adverse employment action as a result of Defendant Welch's racially hostile treatment," referring specifically to denial of unlimited use of a utility vehicle and the denial of a floating holiday. Dkt No. 49 at 6 & 8-9. He further argues that he need not show any adverse employment action because "an employer does not prevail under Title VII by the fortuity of no tangible employment action having been taken against the complainant." Dkt No. 49 at 6-7 & 9-10.

## DISCUSSION

**I.      Insufficiency of Objections.**

For reasons set forth in subsequent sections, this court finds Plaintiff's specific objections to be unfounded. Even were they well taken, however, the result would be the same. This is because the Report's recommendation that this court grant Defendants' motion for summary judgment rested on multiple grounds, most of which are neither challenged nor subject to reversal under the clear error standard applicable to non-challenged recommendations.

For example, while Plaintiff argues that his administrative charge was sufficiently detailed to put Welch on notice that he was the subject of the complaint, Plaintiff does not challenge the legal proposition that Welch, a supervisor, may not be held individually liable under Title VII. *See* Report at 11 (discussing *Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177 (4th Cir. 1998)). Similarly, Plaintiff fails to directly challenge the conclusions that there is no evidence of racial motivation for any of the actions taken against him or that any of the allegedly "hostile" conditions were sufficiently severe or pervasive to alter his conditions of employment or to create an abusive work environment. *See* Report at 13-14. To the extent a challenge to these conclusions might be implied by Plaintiff's arguments, those arguments are insufficient because he has failed to provide either legal or evidentiary support.

**II.     Claims against Welch in His Individual Capacity.**

Plaintiff argues that most of his allegations, "center around Welch's racially hostile treatment of [Plaintiff]." Dkt No. 49 at 3. For this reason, he suggests that Welch should have been aware that he was a subject of Plaintiff's administrative charge. Plaintiff does not, however, direct the court to any evidence that Welch was charged with harassment in the administrative charge.[2] In any case, given the state of the law regarding supervisor liability, there would be no reason for Welch to assume that Plaintiff intended to pursue claims individually against Welch based simply on the inclusion of references to Welch (or his actions) in the administrative charge.

**III.    Hostile Environment vs. Retaliation.**

In arguing in support of his second objection, that he need not show that he was subjected to a tangible employment action, Plaintiff hopelessly tangles the law relating to the various categories of Title VII claims. His initial reference to the standard for a hostile environment claim suggests that this is the essence of his Title VII claim. Dkt No. 49 at 7. For the reasons set forth in the Report, however, Plaintiff has failed to direct the court to evidence from which a jury could conclude that any of the events he suggests were "hostile" were in fact based on race.[3] Moreover,

---

[2] Although Plaintiff does not identify the relevant document by exhibit number, the court has located it in the record (Dkt No. 41-5 at p. 37) and determined that the only reference to Welch is in the following statement: "Jimmy Welch (White), Facilities Manager, has never given me a reason why I am being subjected to harassment." The preceding paragraph, which lists various alleged harassing actions does not name Welch or refer to actions by a "Facilities Manager."

[3] Plaintiff first suggests that an inference of racial motivation may be drawn from the fact that the allegedly "harassing" events occurred after Plaintiff complained about a racially offensive poster. The first complained of event, however, occurred slightly over a year after the complaint about the poster. This is simply too great a temporal gap to allow for any inference that Plaintiff's complaint motivated the subsequent allegedly retaliatory actions. Plaintiff also suggests that he was treated differently than "similarly situated white employees" in regard to one holiday and use of a vehicle. He does not, however, cite to a single piece of evidence in support of this argument. What evidence is available is that he was not, in fact, treated differently from any similarly situated white employee as to these two isolated events.

4

he has clearly not shown that complained of events are sufficiently severe or pervasive to alter the conditions of employment. to satisfy the standard for a hostile environment claim.  *See* Report at 12-15 (discussing hostile environment claim).

## CONCLUSION

For the reasons set forth above, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is ordered that Defendants' motion for summary judgment is **GRANTED** and the case is dismissed with prejudice.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 27, 2005

C:\temp\notesFFF692\04cv1897 burris v no tool -- adopt R&R.wpd

5